In the Matter of MOUNTAIN VALLEY CONSTRUCTION COMPANY, INC., Debtor.

KNICKERBOCKER RUSSELL COMPANY, INC., Plaintiff,

v.

MOUNTAIN VALLEY CONSTRUCTION COMPANY, INC., Defendant.

Bankruptcy No. 79–547.

United States Bankruptcy Court, W. D. Pennsylvania.

March 12, 1980.

Peter P. Cherellia, Hudson & Cherellia, Greensburg, Pa., for plaintiff.

David W. Lampl, Lampl, Sable & Makoroff, Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

This matter comes before the Court on plaintiff's reclamation petition to recover equipment in the possession of Mountain Valley Construction Co., Inc., the debtor-in-possession under a plan of reorganization pursuant to Chapter XI of the Bankruptcy Act. Knickerbocker Russell Company, Inc., the plaintiff herein, contends that it delivered equipment to the debtor under a rental-purchase agreement whereby the plaintiff would remain the owner of the equipment until such time as all payments were made; that all payments have not been made; and that ownership of the equipment remains in Knickerbocker Russell. The debtor counters with the claim that the agreement between the parties was one intended for security and that it was not perfected by the filing of a security agreement, as required by Article 9 of the Uniform Commercial Code. The question of law presented by these contentions is whether the rental purchase agreement was a true lease, with an option to purchase, or one intended for security, subject to the filing requirements of Article 9 of the Code. For the reasons that follow, this Court holds that the lease in issue was intended for security pursuant to Section 1–201(37) of the Code. Moreover, as Knickerbocker Russell failed to perfect its security interest in accordance with the filing requirements of Section 9–302 of the Code, the plaintiff is not entitled to reclaim the equipment as against the debtor-in-possession, a status accorded the powers of a trustee in bankruptcy, Bankruptcy Act § 342, and specifically, the rights of a lien creditor, Bankruptcy Act § 70(c).

### I. Factual Background

The following facts are not in dispute. On July 19, 1979, Mountain Valley Construction filed a petition to effect a plan of reorganization under Chapter XI of the Bankruptcy Act. At the time of the filing of debtor's petition, the debtor had in its possession certain pieces of equipment, which are fully described in paragraph two (2) of plaintiff's complaint. This equipment was delivered to Mountain Valley Construction under the terms of a written agreement entitled "Rental Purchase Agreement." The agreement in pertinent part provides:

> 100% of the rental will apply to the purchase price. This equipment to be billed on a rental purchase basis. Rental rate plus 1% interest on the unpaid balance per month, until the full purchase price is reached.
>
> Pennsylvania Sales Tax will be charged on the 1% interest as defined by the State, this is part of the original price.

It is understood that the rental rates do not cover fire, theft or extended coverage insurance on the above equipment. Also, Knickerbocker Russell Company, Inc. is not to be held responsible for any loss or damage to this equipment due to such causes.

It is agreed that this equipment is the property of Knickerbocker Russell Company until such time as all payments covering this equipment are paid.

## II. Discussion

### A. The Rights of the Debtor-in-Possession

■ Although a third party may reclaim its property in the possession of a debtor-in-possession upon proper proof of title, the debtor-in-possession may prevent reclamation, *inter alia*, by invoking the powers conferred upon a trustee as a lien creditor pursuant to Section 70(c) of the Bankruptcy Act. Bankruptcy Act § 342. Consequently, Mountain Valley Construction, the debtor-in-possession in this case, may prevent reclamation by exercising the rights of "any creditor—real or hypothetical—who had or could have obtained a lien on the debtor's property on the date of bankruptcy." *In re Lamont duPont Copeland, Jr.,* 531 F.2d 1195, 1199 (3d Cir. 1976).

■ The trustee's powers under Section 70(c) is governed by state law. 4B Collier on Bankruptcy, § 70.49 at 596 (rev. 14th ed. 1977). Apposite here is Section 9–301(1)(b) of the Uniform Commercial Code, as enacted in Pennsylvania, 12A Pa.Stat.Ann. § 9–301(1)(b). Section 9–301(1)(b) provides:

(1) Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of

\*    \*    \*    \*    \*    \*

(b) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected.

Since Mountain Valley Construction has the rights of a lien creditor, it may defeat the reclamation petition of a party who has failed to perfect an agreement intended for security. Accordingly, if the rental purchase agreement at issue here was intended for security, Knickerbocker Russell cannot successfully reclaim the equipment, as it failed to perfect its interest; its reclamation petition would be subordinate to an attack by a debtor-in-possession exercising the powers of a lien creditor under Section 70(c) of the Bankruptcy Act.

### B. The Lease Created A Security Interest Within The Meaning Of Section 1–201(37) of the Uniform Commercial Code

In determining whether the rental purchase agreement created a security interest, this Court is required to apply Pennsylvania law, which has adopted the provisions of the Uniform Commercial Code in 12A Pa.Stat. Ann. § 1–101 et seq. (1970). Section 1–201(37) of the Code defines "security interest" to mean:

an interest in personal property or fixtures which secures payment or performance of an obligation  .  .  .

Unless a lease or consignment is intended as security, reservation of title thereunder is not a 'security interest' .  .  .  Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.

Additionally, case law has developed the following guidelines to assist in the determination of whether an agreement was intended as a security:

"1.  The facts in each case control to show intention of the parties to create a security interest.

2.  Reservation of title in a lease or option to purchase appurtenant to or included in the lease does not in and of itself make the lease a security agreement.

3. Lease agreement which permits the lessee to become the owner at the end of the term of the lease for a nominal or for no additional consideration is deemed intended as a security agreement as a matter of law.

4. The percentage that option purchase price bears to the list price, especially if it is less than 25% is to be considered as showing the intent of the parties to make a lease as security.

5. Where the terms of the lease and option to purchase are such that the only sensible course for the lessee at the end of the lease term is to exercise the option and become the owner of the goods, the lease was intended to create a security interest.

6. The character of a transaction as a true lease is indicated by:

(a) Provision specifying purchase option price which is approximately the market value at the time of the exercise of the option.

(b) Rental charges indicating an intention to compensate lessor for loss of value over the term of the lease due to aging, wear and obsolescence.

(c) Rentals which are not excessive and option purchase price which is not too low.

(d) Facts showing that the lessee is acquiring no equity in leased article during the term of lease."

*Rollins Communication, Inc. v. Georgia Institute of Real Estate, Inc.*, 20 UCC Rep. 1027, 1033 (Ga.App.1976) citing *Crest Investment Trust, Inc. v. Atlantic Mobile Corp.*, 252 Md. 286, 250 A.2d 246, 248 (1969).

The Rental-Purchase Agreement between Mountain Valley Construction and Knickerbocker Russell provided that 100% of the rental would be applied to the purchase price, whereby the debtor automatically becomes the owner of the equipment upon completion of the payments totaling the purchase price. Therefore, pursuant to the specific terms of Section 1–201(37), the agreement is by definition one intended for security since Mountain Valley "shall become . . . the owner of the property for no additional consideration." Furthermore, the agreement also contains the following indicia of a security interest:

(1) The rental rates did not cover insurance against fire or theft; and

(2) The requirement that Mountain Valley Construction bear the entire risk of theft or fire.

*Leasing Service Corp. v. American National Bank & Trust Co.*, 19 UCC Rep. 252 (D.N.J.1976). See, generally, Peden, "The Treatment of Equipment Leases as Security Agreements under the Uniform Commercial Code," 13 Wm. & Mary L.Rev. 110 (1971).

Based on the foregoing, plaintiff's complaint for reclamation is hereby dismissed.